the parties hereto, alleged to have been entered into on or about the 2d day of December, 1897. After an apparently protracted trial, in which the evidence was decidedly conflicting, the justice charged the jury:

"If you find that Mr. Weinberg, the president of the plaintiff, is telling the truth, and it was agreed that they would spend in Providence the same amount of money they would spend in St. Louis, he only proves after all that that was $102. * * * If you believe, from the testimony, that that was the understanding, * * * you will find a verdict for the plaintiff for the sum of $102, with $5 interest, which makes a total of $107."

To this the defendant excepted, but the jury so found. For this the judgment should be reversed and a new trial ordered. The defendant, by its answer, set up no other contract than the one declared on in the complaint, admitted its execution, and, as it had the right to do, set up fraud as a defense thereto. Estelle v. Dinsbeer, 9 Misc. Rep. 485, 486, 30 N. Y. Supp. 226. Furthermore, the defendant at the trial moved to be allowed to set up affirmatively repudiation and rescission of the contract upon discovery of the fraud. No other contract than the one declared on in the complaint appears in the pleadings, so that the charge to the jury and their finding seem to be a virtual assumption of the exercise of equity powers, apparently recognizing the plaintiff's right of recovery upon the contract sued upon, but reforming that contract because the same, either through mistake or fraud, was not quite what the parties made or intended to make. This was error because extrajurisdictional. Ferree v. Ellsworth (Com. Pl.) 19 N. Y. Supp. 659. If this be not, in effect, reformation, then it must be conceded to be a recovery upon a cause of action not pleaded, and we may say, as was said by Andrews, J., in Reed v. McConnell, 133 N. Y. 425, 433, 31 N. E. 22:

"This recovery was in violation of the rule that no judgment can be sustained in favor of a plaintiff on a cause of action not alleged in the complaint, unless the defendant, by his silence or conduct, acquiesced in the trial of the new and different cause of action, upon which the judgment proceeded."

This the defendant did not do. Supposing, however, that it had been pleaded, then it is impossible to say that the defendant is at fault because it did not return the sum of $2.20 received from the plaintiff, because it nowhere appears that such sum was in any manner connected with such agreement as the one upon which plaintiff recovered.

The judgment should be reversed and a new trial ordered.

---

CADY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. October 4, 1899.)

DAMAGES—INJURY TO PROPERTY.

    Price paid for a new horse after injury of another cannot be considered as an item of damage because of such injury, especially where the injured one fully recovers.

Appeal from municipal court, borough of Manhattan, Eighth district.

Action by James C. Cady against the Third Avenue Railroad Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hoadly, Lauterbach & Johnson, for appellant.

Daniel S. Decker, for respondent.

FREEDMAN, P. J.    I am in favor of a reversal of the judgment in this action solely upon the ground that the verdict is largely in excess of the legal damages proven to have been sustained by the plaintiff.    The damages shown to have been received to the wagon of the plaintiff were proven to be in the sum of $56.85.    The horse of the plaintiff was shown to have been lamed by the collision with the car, but all the testimony as to the amount paid the veterinary surgeon for treating the animal, and as to the time the horse remained unfit for use by reason of its lameness, was either stricken from the record, or withdrawn from the consideration of the jury upon the application of the defendant, and without objection being made thereto by the plaintiff.    It appears that after the injury to the horse the plaintiff purchased another one for which he paid $150. The jury rendered a verdict for the sum of $250.    At the time the verdict was rendered the defendant moved to set it aside upon the ground, among others, that the amount was excessive and was not proven in the case.    This motion was denied, and the defendant duly excepted thereto.

The price paid for the new horse was not an item to be considered as forming a part of damages sustained by the plaintiff, especially as it was shown that the injured horse subsequently fully recovered from its lameness.    The damages proven did not justify a verdict in excess of the sum of $56.85, and for that reason the judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.    All concur.